1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY ARCEO,

11              Plaintiff,                    No. 2:11-cv-02396 KJN P

12         vs.

13   SOCORRO SALINAS, et al.,

14              Defendants.            <u>ORDER</u>

15   _____/

16         Plaintiff, who is incarcerated at San Joaquin County Jail, proceeds in this civil

17   rights action without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests

18   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred

19   to this court pursuant to 28 U.S.C. § 636(b)(1), and Local Rule 302.

20         Plaintiff has submitted an affidavit, supported by a San Joaquin County Jail

21   Resident Account Statement, that makes the showing required by 28 U.S.C. § 1915(a).  (Dkt. No.

22   5.)  The court grants plaintiff's request for judicial notice of his declaration and supporting

23   documents, concerning plaintiff's efforts to obtain the Resident Account Statement.  (Dkt. No.

24   6.)  Accordingly, plaintiff's request to proceed in forma pauperis is granted.

25         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

26   28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, plaintiff will be assessed an initial partial

1

filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  The court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

1   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

2   (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

3   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

4   allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

5   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

6   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

7   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

8   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

9   as true the allegations of the complaint in question,  id., and construe the pleading in the light

10   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

11          The complaint names defendants at three correctional facilities:  Sierra

12   Conservation Center ("SCC") (defendant Correctional Officer ("CO") Gonzales); Deuel

13   Vocational Institute ("DVI") (defendants Warden Salinas, Sergeant Martinez, Sergeant Peters,

14   and CO Stockton); and San Joaquin County Jail (defendants Sheriff/Coroner Moore, library law

15   clerk Sing, and mailroom employee "John Doe").  Plaintiff appears to allege therein that his legal

16   materials and personal property were confiscated when plaintiff was transferred from SCC to

17   DVI in December 2010.  Plaintiff concedes that he failed to exhaust administrative remedies

18   pursuing the return of these materials, but asserts that such exhaustion was impossible because

19   his efforts were repeatedly rebuffed.  Plaintiff seeks a declaratory judgment and monetary

20   damages, but avers that he will "waive all monetary damages [and] suit against DVI" if "all [of

21   his] legal work propery [is returned] immediately undamaged"; and will "waive all monetary

22   damages against [the] Sheriff" if the "Sheriff make[s] correction to grievance system, attitude,

23   staff and mailroom."  (Dkt. No. 1 at 28.)[1]

24          Several problems beset the complaint.  First, plaintiff's legal claims are

25   _____

26        [1]  References to the complaint reflect the court's electronic pagination, not the internal
pagination of the pleading.

1   improperly premised on an alleged violation of plaintiff's Eighth Amendment right to be free

2   from cruel or unusual punishment.  Plaintiff's several allegations that he has been denied access

3   to the courts -- e.g., by the alleged failure of defendants to provide basic writing materials (pens,

4   pencils, paper), blank legal forms (including blank grievance forms), and by allegedly depriving

5   plaintiff of his own legal materials (including "books, previously filed writs, motions, research

6   and case law" (Dkt. No. 1 at 10)) -- are properly framed as a First Amendment claim and, to be

7   actionable, require a colorable allegation of actual injury.[2]

8           "It is now established beyond doubt that prisoners have a constitutional right of

9   access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Ching v. Lewis, 895

10  F.2d 608, 609 (9th Cir. 1990).  This right "requires prison authorities to assist inmates in the

11  preparation and filing of meaningful legal papers by providing prisoners with adequate law

12  libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828.  In

13  order to state a denial of access claim under the First Amendment, a prisoner must show that he

14  suffered an "actual injury" as a result of the defendants' actions by explaining how the

15  challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal

16  claim. Lewis v. Casey, 518 U.S. 343, 351-55 (1996).  Actual injury may be shown if the alleged

17  shortcomings "hindered his efforts to pursue a legal claim," such as having his complaint

18  dismissed for "for failure to satisfy some technical requirement" or if he "suffered arguably

19  actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of

20  _____

21          [2]  Plaintiff's passing allegations that his personal property (e.g. prosthetic device, parole
    clothes) was improperly withheld do not appear to state a cognizable claim.  "An unauthorized
22  intentional deprivation of property by a state employee does not constitute a violation of the
    procedural requirements of the Due Process Clause of the Fourteenth Amendment if a
    meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517,
23  533 (1984).  Where the state provides a meaningful postdeprivation remedy, only authorized,
    intentional deprivations constitute actionable violations of the Due Process Clause.  An
24  authorized deprivation is one carried out pursuant to established state procedures, regulations, or
    statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); Knudson v. City of
25  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  The complaint does not appear to allege any
    facts suggesting that the taking of plaintiff's property was unauthorized.  However, plaintiff may
26  seek to develop this claim and the underlying alleged facts in an amended complaint.

4

1  the law library that he was unable even to file a complaint." Id. at 351.

2          Plaintiff's cursory retaliation claim (see Dkt. No. 1 at 13, ¶ 52), if potentially

3  cognizable, must also be framed under the First Amendment.  To state a claim for retaliation

4  under the First Amendment, a plaintiff must allege that, on a specific date, an individual state

5  actor took an adverse action against plaintiff in retaliation for plaintiff engaging in a

6  constitutionally protected activity, and that the adverse action did not reasonably advance a

7  legitimate penological objective.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005);

8  Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).  Direct and tangible harm will support a

9  First Amendment retaliation claim even without demonstration of a chilling effect on the further

10  exercise of a prisoner's First Amendment rights.  Rhodes, at 568 n.11.  "[A] plaintiff who fails to

11  allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a

12  retaliatory adverse action.  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), citing Rhodes,

13  408 F.3d at 568, n11.  Thus, plaintiff need not prove that the adverse action allegedly taken

14  violated a constitutional right.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (stating that to

15  prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest"

16  was violated); see also, e.g., Hines v. Gomez, 108 F.3d 265, 268 (9th Cir.1997) (upholding jury

17  determination of retaliation based on filing of a false rules violation report);  Rizzo, supra, 778

18  F.2d at 531 (transfer of prisoner to a different prison constituted adverse action for purposes of

19  retaliation claim).  Rather, the interest asserted in a retaliation claim is the right to be free of

20  conditions that would not have been imposed but for the alleged retaliatory motive.  However,

21  not every allegedly adverse action will support a retaliation claim.  See e.g. Huskey v. City of San

22  Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of

23  post hoc, ergo propter hoc, literally, "after this, therefore because of this.").

24          Second, plaintiff's factual allegations fail to link specific alleged misconduct by

25  specifically-named defendants, and hence fail to clearly articulate potentially cognizable legal

26  claims.  "A person 'subjects' another to the deprivation of a constitutional right, within the

1  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

2  omits to perform an act which he is legally required to do that causes the deprivation of which

3  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v.

4  Murphy, 844 F.2d 628, 633 (9th Cir.1988) ( "The inquiry into causation must be individualized

5  and focus on the duties and responsibilities of each individual defendant whose acts or omissions

6  are alleged to have caused a constitutional deprivation.").

7          Third, plaintiff's concession that he has not exhausted his administrative remedies

8  requires a more specific and persuasive showing (perhaps specifying, in chronological order, the

9  relevance of each "law library request" or "inmate request form" attached to the current

10  complaint).  The Prison Litigation Reform Act ("PLRA") requires that, "[n]o action shall be

11  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

12  a prisoner confined in any jail, prison, or other correctional facility until such administrative

13  remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Pursuant to this rule, prisoners

14  must exhaust their administrative remedies regardless of the relief they seek, i.e., whether

15  injunctive relief or money damages, even though the latter is unavailable pursuant to the

16  administrative grievance process.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Failure to

17  exhaust administrative remedies, *before initiating suit*, requires dismissal of a prisoner civil

18  rights action.  See 42 U.S.C. § 1997e(a); ,McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (per

19  curiam); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009).  As a general rule, where it is

20  clear from the face of a plaintiff's complaint that he has not exhausted available administrative

21  remedies, the action must be dismissed.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)

22  ("[a] prisoner's concession to nonexhaustion is a valid ground for dismissal"); accord Bennett v.

23  King, 293 F.3d 1096, 1098 (9th Cir. 2002); Metoyer v. Post, 121 Fed. Appx. 749 (9th Cir. 2005).

24          As plaintiff alleges, the administrative exhaustion requirement may be waived in

25  extraordinary circumstances where a prisoner's administrative remedies are effectively

26  unavailable.  Nunez v. Duncan, 591 F.3d 1217, 1220-21, 1225-26 (9th Cir. 2010); accord

1    Martinez v. Robinson, 2010 WL 3001381, *3 (N.D. Cal. 2010) (improperly told three times that

2    his appeal was duplicative, plaintiff had no available remedy and was thus excused from further

3    exhaustion efforts); see also Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) ("improper

4    screening of an inmate's administrative grievances renders administrative remedies 'effectively

5    unavailable' such that exhaustion is not required under the PLRA").  However, unavailability

6    must be adequately supported and demonstrated.  Brown v. Valoff, 422 F.3d 926, 934-35 (9th

7    Cir. 2005) (the obligation to exhaust persists as long as some administrative remedy is available);

8    see also Newman v. McLean, 2009 WL 688859, *6 (N.D. Cal. 2009) ("[p]laintiff did not pursue

9    all the remedies that were available since he could have appealed the alleged improper screening

10   out of the inmate appeal as being duplicative but failed to do so"); Smiley v. Martinez, 2010 WL

11   309459, *3 (N.D. Cal. 2010) (plaintiff did not timely challenge the screening out of his appeals

12   based on untimeliness and duplication).

13          With these considerations in mind (as well as the importance that plaintiff update

14   his factual allegations (e.g., has his legal property been returned?)), the court finds the allegations

15   in plaintiff's complaint so vague and conclusory that it is unable to determine whether plaintiff

16   has stated, or is able to state, any potentially cognizable claims.  See Fed. R. Civ. P. 8(a)(2)

17   (complaint must contain a "short and plain statement of the claim[s] showing that the pleader is

18   entitled to the [requested] relief").  Because plaintiff has failed to comply with these

19   requirements, the complaint must be dismissed.  The court will, however, grant leave to file an

20   amended complaint.

21          If plaintiff chooses to file an amended complaint, he is informed that the Local

22   Rules require that an amended complaint be complete in itself, including any relevant exhibits,

23   without reference to any prior pleading.  See Local Rule 220; see also Loux v. Rhay, 375 F.2d

24   55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, as in an original complaint, each

25   legal claim and the asserted factual involvement of each defendant must be clearly and

26   sufficiently alleged.

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 5), is

3    granted; plaintiff's companion request for judicial notice (Dkt. No. 6), is also granted.

4    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

5    Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

6    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

7    Sheriff of San Joaquin County Jail, filed concurrently herewith.

8    3.  Plaintiff's complaint (Dkt. No. 1) is dismissed.

9    4.  Within thirty days from the date of this order, plaintiff shall complete the

10   attached Notice of Amendment and submit the following documents to the court:

11   a.  The completed Notice of Amendment; and

12   b.  An original and one copy of the Amended Complaint.  Plaintiff's

13   amended complaint shall comply with the requirements of the Civil Rights

14   Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

15   The amended complaint must bear the docket number assigned to this case

16   and be labeled "Amended Complaint."

17   5.  Failure of plaintiff to file an amended complaint in accordance with this order

18   will result in a recommendation that this action be dismissed.

19   DATED:  May 16, 2012

20

21                                          _____

22                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

23   orte3391.14new.kjn

24

25

26

8

1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY ARCEO,

11              Plaintiff,                    No. 2:11-cv-02396 KJN P

12        vs.

13   SOCORRO SALINAS, et al.,                 NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____        Amended Complaint

19

20

21

22   Date _____        Plaintiff _____

23

24

25

26