UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARCEO, | No. 2:11-cv-02396-KJN P |
| Plaintiff, | |
| v. | ORDER[1] |
| SOCORRO SALINAS, et al., | |
| Defendants. | |

Presently pending in this civil rights actions are two identical motions for a temporary restraining order concerning plaintiff's conditions of confinement at San Joaquin County Jail. However, as noted by court order filed March 11, 2014, it appears, based on outside resources, that plaintiff is no longer incarcerated at San Joaquin County Jail, but rather is now at Coalinga State Hospital. (See ECF No. 15.) The court directed plaintiff to file a notice of change of address, as required by the Local Rules. See Local Rules 182(f); 183(b). The order was served on plaintiff at San Joaquin County Jail, plaintiff's address of record. "Absent . . . notice [of a pro se party's current address], service of documents at the prior address of the . . . pro se party shall be fully effective." Local Rule 182(f). The court's order was returned as "undeliverable," with no forwarding address. (See Docket Entry dated March 21, 2014.)

---

[1] This action is referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

1

1    As the court noted in its March 11, 2014 order, it appears that plaintiff's identical motions
2    for a temporary restraining order are now moot because they challenge plaintiff's conditions of
3    confinement at a prior place of confinement.  The motions seek to prevent San Joaquin County
4    Jail officials from retaliating against plaintiff, by denying him access to his legal materials,
5    imposing other restrictions limiting plaintiff's access to the courts (limitations on typing, copying
6    and mailing), failing to process plaintiff's grievances, and inciting violence against plaintiff by
7    other inmates.  These matters are not presently relevant.  When an inmate is no longer subject to
8    the conditions challenged in a motion for injunctive relief, his claims for relief become moot.  See
9    Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th
10   Cir. 1995).  Accordingly, plaintiff's motions should be denied as moot.

11   Finally, the Local Rules provide that "[i]f mail directed to a plaintiff in propria persona by the
12   Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and
13   opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss
14   the action without prejudice for failure to prosecute."  Local Rule 183(b).  The court's order was
15   returned by the U.S. Postal Service on March 21, 2014.  (See Docket Entry dated March 21, 2014.)
16   Sixty-three days thereafter is Friday, May 23, 2014.  Plaintiff is hereby informed that failure to file a
17   notice of change of address by May 23, 2014, shall result in the dismissal of this action without
18   prejudice.

19   Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

20   1. Plaintiff's motions for a temporary restraining order (ECF Nos. 13, 14), are denied as
21   moot.

22   2. Plaintiff shall file a notice of change of address on or before May 23, 2014.

23   3. Should plaintiff timely file a notice of change of address, the court will then screen
24   plaintiff's First Amended Complaint and supplement (ECF Nos. 11, 12), pursuant to 28 U.S.C. §
25   1915A.

26   4. Failure of plaintiff to file a notice of change of address by May 23, 2014, shall result in the
27   dismissal of this action without prejudice.

28   ////

1    5. The Clerk of Court shall serve a copy of this order on plaintiff at his address of record.

2    SO ORDERED.

3 Dated: April 3, 2014

5 /arceo2396.tro.deny

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE