UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY ARCEO, | No. 2:11-cv-02396 KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER[1] |
| SOCORRO SALINAS, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff's initial complaint was dismissed with leave to file an amended complaint. (ECF No. 7.) The court now reviews plaintiff's amended complaint (ECF No. 11), which challenges conditions of plaintiff's confinement at San Joaquin County Jail. Plaintiff broadly alleges therein that the San Joaquin County Sheriff and several of his employees engaged in "the use of deliberate indifference in a matrix denial of access to court." (ECF No. 11 at 5.)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

For many of the reasons previously identified by this court (see ECF No. 7 at 3-7), and the following reasons, the court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the amended complaint names defendants at only one correctional facility (the original complaint identified defendants at three facilities), the allegations of the amended complaint are again wide ranging and rambling. These problems are reflected in the

wording of plaintiff's two causes of action, which follow 23 pages of often unrelated facts. In his first cause of action, plaintiff alleges that defendant San Joaquin County Sheriff Steve Moore violated plaintiff's First Amendment rights "by his actions of denial to access to court, file grievance, law library and chilling protections as medical, visits and other violations of law against plaintiff," as well as "by his actions of denial to suppressed speech in grievance form and rule book violating similar (sic) situated persons are treated alike respectively and other violations of law against plaintiff;" and violated plaintiff's Fourteenth Amendment rights "by his failure to adequately supervise the correctional officers subordinate to him." (ECF No. 11 at 24.) In his second cause of action, plaintiff alleges that sixteen other defendants violated plaintiff's First Amendment rights "by their actions of denial to file grievance, access to court, law library and chilling medical treatment, visits and other violation of law against plaintiff;" and violated plaintiff's Fourteenth Amendment rights "by their failure to notify plaintiff with statute, regulation, rule or ruling of new authoritative legitimate penal goal and other violations of law against plaintiff." (Id. at 25.)

The court finds that the amended complaint fails to contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to defendants by stating the elements of each claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because the amended complaint does not comply with the requirements of Rule 8, it must be dismissed. The court will, however, grant plaintiff one final opportunity to file a further amended complaint.

In a second amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff must allege with particularity the specific alleged acts by each defendant that reflect the essential elements of each claim. There can be no liability under Section 1983 unless there is some affirmative link or connection between a specific defendant's alleged actions and the claimed constitutional deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual

defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

Plaintiff's claims against Sheriff Moore require even further specificity. "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable [only] if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 645-646 (9th Cir. 1989) (citations omitted). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The court previously informed plaintiff of the requirements for stating denial of access and retaliation claims. (See ECF No. 7 at 4-5.) Those standards are again provided here.

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990). In order to state a denial of access claim under the First Amendment, a prisoner must show that he suffered an "actual injury" as a result of the defendants' actions by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351-55 (1996). Actual injury may be shown if the alleged conduct "hindered plaintiff's efforts to pursue a legal claim," such as having his complaint dismissed for "for failure to satisfy some technical requirement" or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." Id. at 351.

To state a claim for retaliation, a plaintiff must allege that, on a specific date, an individual state actor took an adverse action against plaintiff in retaliation for plaintiff engaging in a constitutionally protected activity, and that the adverse action did not reasonably advance a legitimate penological objective. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Rizzo, supra, 778 F.2d at 531-32. Direct and tangible harm will support a First Amendment retaliation claim even without demonstrating a chilling effect on the further exercise of a prisoner's First Amendment rights. Rhodes, at 568 n.11. "[A] plaintiff who fails to allege a

4

1    chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory

2    adverse action. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), citing Rhodes, 408 F.3d

3    at 568, n11.  Thus, plaintiff need not prove that the adverse action allegedly taken violated a

4    constitutional right.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (stating that to prevail on

5    a retaliation claim, plaintiff need not "establish an independent constitutional interest" was

6    violated); see also Hines v. Gomez, 108 F.3d 265, 268 (9th Cir.1997) (upholding jury

7    determination of retaliation based on filing of a false rules violation report); Rizzo, supra, 778

8    F.2d at 531 (transfer of prisoner to a different prison constituted adverse action for purposes of

9    retaliation claim).  Rather, the interest asserted in a retaliation claim is the right to be free of

10   conditions that would not have been imposed but for the alleged retaliatory motive.  However, not

11   every allegedly adverse action will support a retaliation claim. See, e.g., Huskey v. City of San

12   Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post

13   hoc, ergo propter hoc, literally, "after this, therefore because of this.").

14         Plaintiff is informed that, should he file a Second Amended Complaint, the complaint

15   must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d

16   55, 57 (9th Cir. 1967).  Plaintiff's Second Amended Complaint shall comply with the

17   requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of

18   Practice.  The Second Amended Complaint must bear the docket number assigned this case and

19   be labeled "Second Amended Complaint."  The Second Amended Complaint shall be limited to

20   no more than 15 pages, in an effort to render plaintiff's allegations more precise.  Plaintiff may

21   request that the exhibits attached to his amended complaint be transferred as exhibits to his

22   Second Amended Complaint.

23         An additional problem requires mention.  Plaintiff's current address of record is the San

24   Joaquin County Jail.  However, this court's review of the "Who's in Custody" website operated

25   by the San Joaquin County Sheriff's Office indicates that plaintiff is no longer in custody at the

26   San Joaquin County Jail.  See http://www.sjgov.org/sheriff/wic.htm.[2]  Similarly, review of the

27

28   [2] See Fed. R. Evid. 201 (a court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).  See City of

1   "Inmate Locator" website operated by the California Department of Corrections and
2   Rehabilitation (CDCR) indicates that plaintiff is not in the custody of CDCR. See
3   http://inmatelocator.cdcr.ca.gov/search.aspx.  The Local Rules require that plaintiff keep this
4   court apprised of his current address. See Local Rules 182(f); 183(b). "If mail directed to a
5   plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such
6   plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a
7   current address, the Court may dismiss the action without prejudice for failure to prosecute."
8   Local Rule 183(b).  Accordingly, if service of this order on plaintiff at the San Joaquin County
9   Jail is ineffective, and plaintiff does not inform the court of his current address within 63 days
10  thereafter, the court will dismiss this action without prejudice.

11         In accordance with the above, IT IS HEREBY ORDERED that:

12         1. Plaintiff's amended complaint is dismissed, with leave to file a Second Amended
13  Complaint that is no more than fifteen (15) pages in length (plaintiff may request that the exhibits
14  attached to his Amended Complaint be transferred to his Second Amended Complaint).

15         2. The Clerk of Court is directed to send plaintiff one blank copy of the Civil Rights
16  Complaint used by prisoners in this district.

17         3. Within thirty days after the filing date of this order, plaintiff shall complete the
18  attached Notice of Amendment and submit the following documents to the court:

19              a. The completed Notice of Amendment; and

20              b. An original and one copy of the Second Amended Complaint.

21  ////
22  ////
23  ////
24  ////
25  ////

---

26  Sausalito v. O'Neill, 386 F.3d 1186, 1224 n. 2 (9th Cir. 2004) ("We may take judicial notice of a
27  record of a state agency not subject to reasonable dispute."); see also MGIC Indem. Co. v.
    Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir.
28  1980) (court may take judicial notice of court records).

4. Should plaintiff fail to timely file a Second Amended Complaint in accordance with this order, or fail to timely notify the court of his current address, this action will be dismissed without prejudice.

Dated: August 21, 2014

arceo2396.33a.14.am.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARCEO, | No. 2:11-cv-02396 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| SOCORRO SALINAS, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Second Amended Complaint

_____    Plaintiff requests that the exhibits attached to his amended complaint be transferred as exhibits to his Second Amended Complaint.

_____    _____
Date                                                                              Plaintiff

8