1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY ARCEO,                              No.  2:11-cv-2396 MCE KJN P

12                 Plaintiff,

13        v.                                     ORDER

14   SOCORRO SALINAS, et al.,

15                 Defendants.

16

17         Plaintiff is committed to a state hospital under California's Sexually Violent Predators Act

18   ("SVPA").  He is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42

19   U.S.C. § 1983.  On March 18, 2016, the undersigned issued findings and recommendations, and

20   plaintiff was granted fourteen days in which to file objections.  On May 5, 2016, the district court

21   adopted the findings and recommendations.  Plaintiff's objections, received on May 5, 2016, were

22   entered on the court docket on May 6, 2016.  Plaintiff's proof of service was dated April 28,

23   2016.  Because plaintiff's objections were due on April 1, 2016, plaintiff's objections were

24   untimely.

25         On May 16, 2016, plaintiff filed a motion to amend the judgment under Rule 59(e) of the

26   Federal Rules of Civil Procedure.  Plaintiff asks the court to consider his late objections due to his

27   myriad difficulties in accessing the law library, getting photocopies, and performing legal

28   research.  Plaintiff conceded he only focused on retaliation claims in his third amended

1

1   complaint, but again seeks leave to amend to re-allege access to the courts claims against the

2   sheriff and the county, allegedly based on their policies, as well as "supervisor's liability," and

3   now challenges the sheriff's policy and practice as "unconstitutional."  (ECF No. 36 at 2, 4.)

4   Plaintiff alleges that the county and the sheriff's office maintain policies that deny inmates access

5   to the courts, and again alleges that county jail staff impede litigants' ability to pursue inmate

6   appeals based on the policy that requires, *inter alia*, inmates to obtain grievance forms from

7   officers who ask the inmate what the grievance is about, to present their grievances to the

8   sheriff's officer first, and their failure to provide meaningful review of inmate grievances.  (ECF

9   No. 36 at 8-10.)

10   The court may grant reconsideration of a final judgment under Federal Rules of Civil

11   Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is

12   appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart,

13   778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment).  The

14   motion must be filed no later than ten days after entry of the judgment.[1]  See Fed. R. Civ. P.

15   59(e).  Under Rule 59(e), three grounds may justify reconsideration:  (1) an intervening change in

16   controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or

17   prevent manifest injustice.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656,

18   665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

19   Under Rule 60(a), the court may grant reconsideration of final judgments and any order

20   based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at

21   any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave

22   of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

23   Under Rule 60(b), the court may grant reconsideration of a final judgment and any order

24   based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2)

25   newly discovered evidence which, with reasonable diligence, could not have been discovered

26
    ---
    [1]  Under Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking
27   reconsideration, the court calculates the 10-day period from the date the motion was delivered to
    prison authorities for mailing to the court.  Otherwise, the 10-day period is calculated based on
28   the date the motion for reconsideration is actually filed.

2

1  within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an

2  opposing party.  A motion for reconsideration on any of these grounds must be brought within a

3  reasonable time and no later than one year of entry of judgment or the order being challenged.

4  See Fed. R. Civ. P. 60(c)(1).

5       Here, no final judgment has been entered; therefore, Rule 59(e) is not applicable.  Plaintiff

6  identified no clerical mistake needing correction under Rule 60(a).  However, because plaintiff

7  provided good cause for his delay in filing his objections, demonstrating excusable neglect, the

8  undersigned construes plaintiff's motion as a motion for reconsideration under Rule 60(b), grants

9  the motion for reconsideration, and reviews plaintiff's objections.

10       Plaintiff's objections do not alter the court's evaluation of the record or the March 18,

11  2016 findings and recommendations.  This action proceeds on plaintiff's third amended

12  complaint.  Plaintiff concedes that the operative pleading focused on his retaliation claims.  (ECF

13  No. 32 at 3.)  Plaintiff cannot, through objections, change the nature of his pleading.  Defendants

14  have been served with process and have appeared in this action.  (ECF Nos. 39, 42-43.)  Thus, if

15  plaintiff seeks to again amend his pleading, he must file a motion to amend and provide a

16  proposed fourth amended complaint for the court's review.  Fed. R. Civ. P. 15(a)(1).

17       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

18  court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the

19  court finds the findings and recommendations to be supported by the record and by proper

20  analysis.  Therefore, upon reconsideration, the undersigned affirms the May 5, 2016 order

21  adopting the findings and recommendations.

22       Accordingly, IT IS HEREBY ORDERED that:

23      1.  Plaintiff's motion to amend the judgment (ECF No. 36), construed as a motion for

24  reconsideration under Rule 60(b), is granted;

25      2.  Upon reconsideration, the May 5, 2016 order (ECF No. 31) is affirmed; and

26  ///

27  ///

28  ///

3.  This action proceeds on plaintiff's retaliation claims against defendants Surjick, Kong, and McHugh for their actions in February of 2012, and defendant Savage based on his actions in September of 2012.  Plaintiff's remaining claims, including all claims against the remaining defendants, are dismissed without prejudice.

IT IS SO ORDERED.

DATED: November 22, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE