UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY ARCEO, | No. 2:11-cv-2396 MCE KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SOCORRO SALINAS, et al., | |
| Defendants. | |

I. <u>Introduction</u>

Plaintiff is committed to a state hospital under California's Sexually Violent Predators Act ("SVPA"). This action proceeds on plaintiff's retaliation claims against defendants Surjick, Kong, Adams and McHugh for their alleged actions in February of 2012, and defendant Savage based on his alleged actions in September 2012, contained in plaintiff's third amended complaint.[1] (ECF No. 47.) Plaintiff has filed a request for clarification, as well as a motion to amend, accompanied by his proposed fourth amended complaint. Plaintiff has also filed a motion for protective order. After reviewing the background of this case, the court addresses plaintiff's motions below.

////

---

[1] In the order screening plaintiff's third amended complaint, plaintiff's remaining claims and defendants were dismissed without prejudice, but without leave to amend. (ECF No. 28 at 29.)

II. Background

This action was filed in 2011. On May 17, 2012, the court dismissed plaintiff's original complaint because his allegations were largely based on the confiscation of his property, personal and legal, and named defendants at three correctional facilities. (ECF No. 7 at 4.) Plaintiff was advised that to the extent he attempted to raise access to the courts claims, he must allege facts demonstrating a colorable allegation of actual injury. (Id.) Plaintiff was given the standards governing such First Amendment claims. Plaintiff was also provided the standards for pleading a retaliation claim under the First Amendment, because his cursory retaliation claim was inadequate. (ECF No. 7 at 5.)

Plaintiff timely filed an amended complaint. (ECF No. 11.) In the August 21, 2014 screening order, the court noted that plaintiff's allegations were "again wide ranging and rambling." (ECF No. 18 at 2.) Although plaintiff included two causes of action, they were followed by "23 pages of often unrelated facts." (ECF No. 18 at 3.) The court characterized plaintiff's causes of action as follows:

> In his first cause of action, plaintiff alleges that defendant San Joaquin County Sheriff Steve Moore violated plaintiff's First Amendment rights "by his actions of denial to access to court, file grievance, law library and chilling protections as medical, visits and other violations of law against plaintiff," as well as "by his actions of denial to suppressed speech in grievance form and rule book violating similar (sic) situated persons are treated alike respectively and other violations of law against plaintiff;" and violated plaintiff's Fourteenth Amendment rights "by his failure to adequately supervise the correctional officers subordinate to him." (ECF No. 11 at 24.) In his second cause of action, plaintiff alleges that sixteen other defendants violated plaintiff's First Amendment rights "by their actions of denial to file grievance, access to court, law library and chilling medical treatment, visits and other violation of law against plaintiff;" and violated plaintiff's Fourteenth Amendment rights "by their failure to notify plaintiff with statute, regulation, rule or ruling of new authoritative legitimate penal goal and other violations of law against plaintiff." (Id. at 25.)

(ECF No. 18 at 3.) Plaintiff's complaint was dismissed with leave to amend, and plaintiff was again provided the standards for stating denial of access to the courts and retaliation claims. (ECF No. 18 at 4-5.)

////

Plaintiff filed a second amended complaint on December 8, 2014, alleging that defendants retaliated against plaintiff based on the exercise of his free speech rights by, *inter alia*, denying grievances as well as denying his mother visitation. However, plaintiff's mother then filed proposed amended complaints on January 6, and 21, 2015, which the court struck as improvidently filed. (ECF No. 24 at 1-2.) On March 16, 2015, the court screened plaintiff's second amended complaint, in which plaintiff again challenged the grievance procedures at the jail, and raised new claims concerning denial of visitation and retaliation. Plaintiff's claims were screened out, but plaintiff was granted leave to amend to attempt to state a cognizable retaliation claim. (ECF No. 24 at 9.)

On May 20, 2015, plaintiff filed his third amended complaint, in which he renewed his due process challenge to the grievance procedures, raised access to the court allegations within his other causes of action, and, *inter alia*, alleged that defendants retaliated against plaintiff for filing grievances, based on various incidents from August 24, 2011, to December 8, 2013. On March 18, 2016, in a 31 page order, the court screened the pleading and found plaintiff raised allegations sufficient at least to state potentially cognizable claims for retaliation against defendants Surjick, Kong, Adams, and McHugh for their actions in February of 2012; and defendant Savage based on his actions in September of 2012. The court then considered whether to again grant plaintiff leave to amend, noting he had filed three prior pleadings (ECF Nos. 1, 11, 21), none of which alleged sufficient facts to state a cognizable civil rights claim. (ECF No. 28 at 28, citing Orders, ECF Nos. 7, 18, 24.) In addition, plaintiff failed to correct pleading deficiencies, despite multiple orders providing guidance. In the context of his access to the courts claim, the court noted plaintiff was granted multiple opportunities to demonstrate that he sustained an actual injury (ECF Nos. 7 at 4-5; 18 at 4). (ECF No. 28 at 9.) The court recommended that plaintiff's remaining claims and defendants be dismissed without prejudice, and without leave to amend. (ECF No. 28 at 29.)

On May 5, 2016, the findings and recommendations were adopted in full, and plaintiff's remaining claims, including all claims against the remaining defendants were dismissed without prejudice. (ECF No. 31.) Plaintiff filed a motion to amend judgment, which the district court

construed as a motion for reconsideration and, upon reconsideration, affirmed the May 5, 2016 order adopting the findings and recommendations. Plaintiff was advised that he could not change the nature of his pleading through objections to the findings and recommendations, but would have to file a motion to amend accompanied by a proposed amended pleading if he wished to again seek to amend his pleading. (ECF No. 44 at 3.) On January 12, 2017, plaintiff's motion for extension of time to file a fourth amended complaint was denied because plaintiff was not granted leave to file an amended pleading; rather, plaintiff was granted leave to file a motion to amend accompanied by a proposed amended pleading. Plaintiff was cautioned that the court was not inclined to permit amendment to revisit claims previously found not cognizable, and might be subject to sanctions if he re-alleged such claims. Plaintiff was reminded that he could not raise unrelated claims against newly-named individuals. (ECF No. 49 at 2-3.)

On February 21, 2017, plaintiff filed a motion to amend, accompanied by his proposed fourth amended complaint.

III. Request for Clarification

To the extent that plaintiff seeks reconsideration of the court's March 18, 2016 screening order, plaintiff's request is denied. The district court previously reconsidered plaintiff's objections, and confirmed that this action proceeds on plaintiff's third amended complaint, which plaintiff conceded focused on his retaliation claims. (ECF No. 44 at 3.) Plaintiff was advised that he could not change the nature of his pleading through objections. Plaintiff's claims against the remaining defendants were dismissed without prejudice. (ECF No. 44 at 4.)

In this request, plaintiff suggests that his habeas petition in Arceo v. King, No. 2:14-cv-2712 GEB DB (E.D. Cal.), was dismissed due to mailing and copying hardships. (ECF No. 57 at 7.) However, review of the court's docket reflects that the district court was required to abstain from hearing the petition based on Younger v. Harris, 401 U.S. 37 (1971), because SVPA proceedings were ongoing when petitioner filed the petition. King, No. 2:14-cv-2712 GEB DB (ECF Nos. 23 at 2; 27.) Moreover, court records confirm that plaintiff's civil rights complaint

////

////

4

filed in Arceo v. State of California, No. 1:10-cv-2275 GBC, was dismissed at plaintiff's voluntary request.[2] Id.

Also, in this request, plaintiff repeatedly claims jail officials "rejected a meaningful hearing." (ECF No. 57 at 6, ¶¶ 13, 14, 16, 18.) It is not clear what plaintiff means by this statement. To the extent plaintiff argues he was not provided a "meaningful hearing," during the administrative exhaustion process, such argument is unavailing. As plaintiff was previously informed, he has no federal due process right to a particular grievance process. Thus, plaintiff cannot state a federal due process claim based on an alleged denial of a "meaningful hearing" in connection with any administrative appeal. Plaintiff may be entitled to a hearing in the context of disciplinary charges, but there are no allegations concerning such charges at issue here. To the extent plaintiff seeks to challenge a particular disciplinary hearing, or other specific deprivation for which he was denied a "meaningful hearing," he must bring such challenge in a separate civil rights action.

Moreover, in this court's January 12, 2017 order, plaintiff was provided detailed guidance on how he could proceed if he again chose to attempt to amend his pleading. The court turns now to plaintiff's motion to file his fourth amended complaint.

IV. Motion to Amend

A. Legal Standards: Motion to Amend

Because defendants have filed an answer, Rule 15(a)(2) governs plaintiff's motion to amend, as follows:

> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)

---

[2] Indeed, plaintiff wrote "I curt'sy and focus on the behemoth which is engrossing me at this time," apparently referring to the pending SVPA proceedings. (ECF No. 9 at 4.)

5

(quoting Fed. R. Civ. P. 15(a)); accord Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013). The court considers five factors when assessing the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended his complaint. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). The court "need not apply all five factors" when two factors sufficiently persuade the court to deny the motion. Id. Indeed, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951; accord Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117. "'[P]rejudice to the opposing party carries the greatest weight.'" Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117 (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)). Leave to amend "is properly denied . . . if amendment would be futile." Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010)). Further, "[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

### B. The Parties' Positions

#### 1. Plaintiff's Motion

Plaintiff seeks to amend his pleading "based on new evidence, case law provided by the court, and 1000 pages [of documents provided] by the County of San Joaquin." (ECF No. 52 at 2.) Plaintiff argues that the challenged "conditions of confinement for the mentally ill appears systemic," which may be the "reason the Sheriff rejects every medically ill claim in Ad/Seg." (ECF No. 52 at 3.) Plaintiff contends that the documents "shed light" on the Sheriff's admissions concerning mental health, ADA, and Ad/Seg library failures in the South Jail Ad/Seg, and argues that the sheriff rejects plaintiff's many requests for grievances. Plaintiff contends that his proposed amended pleading depicts the Ad/Seg 2010 to 2015 atmosphere of retaliation as to the

6

library in Ad/Seg. (ECF No. 52 at 3-4.) Plaintiff contends that he has "always raised access to the court for filing, legal library/legal assistance, and actual injury due to denied services in Ad/Seg." (ECF No. 52 at 4.)

Further, plaintiff claims he was "enlightened" when the court cited Starr v. Baca, explaining when supervisory liability can attach, as well as "meaningful hearing which [plaintiff contends] is akin to failure to exhaust." (ECF No. 52 at 4.) Plaintiff argues that his fourth amended complaint lists "particular acts defendants participated in or caused while others show the systemic problem of the sheriff's admitted violations against the mentally and physically ill which is brought over by Deputy's 'retaliation,' collectively trying to shield the Sheriff against the mentally and physically ill for" allegedly filing (1) grievances for treatment, services, accommodation for the mentally/ADA physically ill; (2) by punishment; (3) by rejecting meaningful hearings/exhaustion; (4) by denying access to court, i.e. actual injury / procedural defaulted for federal exhaustion. (ECF No. 52 at 4-5.)

2. Defendants' Opposition

In opposition, defendants contend that plaintiff violated the court's order in three ways. First, despite the court's order instructing plaintiff that any access to the courts claim is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions (ECF No. 49 at 2), plaintiff failed to limit his renewed court access claim, stating that defendants denied the right of access to court, yet failed to reference the filing of any direct action to the courts. (ECF No. 55 at 1-2.) Second, despite the court's prior order informing plaintiff that he has no due process right to a grievance procedure, plaintiff now claims that defendants denied the right of access to court, i.e., "Retaliated against for filing seeking a meaningful hearing and a meaningful hearing timely. . . . ." (ECF No. 55 at 2, citing ECF No. 53 at 2.) Third, despite the court's order limiting plaintiff's amended pleading to 25 pages and requiring him to use the court's form complaint, plaintiff purposefully violated the court's order by, in addition to filing the 6 plus page form complaint, appending a 24 page, single-spaced, using 9.5 font size, "Proposed Fourth Amended [Complaint]." (ECF No. 53.) Defendants argue that plaintiff's "duplicity" is clear because his prior pleadings comported with the double-spacing requirement.

7

Further, defendants contend that plaintiff's new medical claims, when viewed in their entirety, merely identify general conditions at the jail regarding its population, including its "special needs" or "mental health inmates," and fail to state a viable cause of action. (ECF No. 55 at 3.) Defendants argue that plaintiff's entire amended pleading "is devoid of any allegations other than a restatement of the apparent status of the San Joaquin Jail as of the date of its self-report submitted to the Board of State and Community Corrections." (ECF No. 55 at 3, citing www.bscc.ca.gov).) In addition, defendants seek denial of such new claims on the grounds that six years have lapsed since this case was filed, and defendants received no notice of any medical claim until the filing of plaintiff's motion to amend. (ECF No. 55 at 3-4.)

Accordingly, defendants argue that plaintiff's motion to amend should be denied and his case dismissed based on plaintiff's defiant violation of the court's orders. (ECF No. 55 at 3, citing Local Rule 110, Fed. R. Civ. P. 41(b).) In the alternative, defendants ask the court to deny plaintiff's motion to amend in its entirety. (ECF No. 55 at 4.)

3. Plaintiff's Reply

In reply, plaintiff first contends that the district court ordered plaintiff to amend by its November 22, 2016 order because the district court presented his objections, construed as a request for reconsideration, and "accepted."[3] (ECF No. 56 at 2.)

Second, plaintiff contends that he "appears to have been retaliated against for raising Ad/Seg conditions of confinement caused by the Sheriff's deputies "for known violations" such as:

(a) In attempting to revive his access to the courts claim, plaintiff contends his claims were "evolving," citing 2010 pre-existing 2254 and 1983 writs and petitions filed at Jamestown prison; Sheriff's deputies denied hearings and rejected conditions of confinement claims, ADA mental and physical illnesses chilling protected speech, which "appeared to plaintiff as different

---

[3] Plaintiff also appears to argue that he first raised access to court claims, conditions of confinement claims (medical), and a claim that defendants collectively participated in retaliation by punishment or rejecting appeal hearings by Sheriff's Deputies or custom and policy, but cites ECF No. 29, which was his motion to stay filed April 22, 2016. (ECF No. 56 at 2.) However, allegations must be contained within a pleading, such as a complaint, to put defendants on proper notice of an allegation.

8

forms of access to court." (ECF No. 56 at 2.) But in response to the court's order limiting access to courts claims to criminal appeals, habeas corpus and civil rights writs, plaintiff identifies three alleged violations: (i) Arceo v. Smith, 2:10cv0427 MJS (civil rights dismissed on January 10, 2012); Arceo v. State of California, 1:10cv2275 GBC (civil rights dismissed July 12, 2011), and Arceo v. People of the State of California (habeas corpus petition dated December 6, 2010) (ECF No. 56 at 13-70). Plaintiff claims the habeas petition was never filed, and was "inadvertently omitted" from his proposed fourth amended complaint. (ECF No. 56 at 2.) Plaintiff contends that Jamestown 2010 inmate legal log will reflect "all three writs" were mailed to this court, the Attorney General, the San Joaquin County Courthouse, the District Attorney's Office, and the Jamestown Warden. (ECF No. 56 at 3.) Plaintiff explained that he "inadvertently added to cause Access to Court thinking Retaliation but confused 'filing under 1st Amendment [with] meaningful hearing under the 14th Amendment." (ECF No. 56 at 3.)

(b) Plaintiff was denied sleep medication by Sheriff's deputies and mental staff; denied doctor approved therapy water-bag to prevent atrophy; defendants participated in denying hearings and rejecting conditions of confinement claims such as ADA mental and physical illnesses chilling protected speech. (ECF No. 56 at 3.)

(c) Plaintiff states it was defendants practice and custom to collectively retaliate and reject plaintiff's grievance hearings to shield the Sheriff's deputies from injury or claim.

Third, as to defendants opposition to plaintiff's "meaningful level hearing," plaintiff concedes that his declaration raises new alleged retaliation facts for access to court and conditions of confinement based on his 2010/2014 Ad/Seg housing at South Jail, which he contends are validated by the sheriff's own 2010-2015 account of such inadequacies and violations. (ECF No. 56 at 4.) Plaintiff explains that it was not until the court cited Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011), and Jenkins v. McMickens, 618 F.Supp. 1472, 1474-75 (S.D. N.Y. 1985), that plaintiff understood the importance of his underlying facts. Plaintiff concedes his reliance on the County's self-report. (ECF No. 56 at 5.) Plaintiff appears to claim that the deputies' collectively participated in retaliation by rejecting ADA mental and physical claims; failing to accommodate; rejecting accommodation claims and punishing plaintiff, inciting physical injury by claiming

9

plaintiff is a child molester, placing gang members in the cell next to plaintiff, rejecting a meaningful hearing, and acting as a final policy maker in, *inter alia*, transferring plaintiff; and using Ad/Seg isolation to breakdown inmates and mental commitments "preventing and denying a meaningful hearing to conditions of confinement," while denying legal library and legal assistance. (ECF No. 56 at 5.)

Fourth, as to his filing exceeding 25 pages, plaintiff counters that he is a pro se litigant who presented a "pretty accurate account of Sheriff's actions. Plaintiff claims his allegations "evolved well over three years while not provided with a legal library or legal assistance." (ECF No. 56 at 7.) Plaintiff contends that his pleading clearly shows that "retaliation is systemic, hindering, stopping, and rejecting a meaningful hearing to inmates' Ad/Seg complaints and protects." (ECF No. 56 at 7.) He contends that the requisite causal connection can be established by setting in motion a series of acts how the retaliation was ratified by its supervisors appears systemic." (ECF No. 56 at 9.) Plaintiff argues that under Rule 8(a), he need only allege enough facts to raise a reasonable expectation that discovery will reveal evidence to support his prior allegations, and notes his prior pleadings were submitted "without a limited library or legal assistance." (ECF No. 56 at 8.)

C. Plaintiff's Fourth Amended Complaint

Plaintiff filed a 121 page fourth amended complaint that, in addition to the 7 page form complaint, appends a 24 page, single-spaced, proposed fourth amended complaint that is typed in 9.5 font and contains 185 paragraphs. In the initial form complaint, he renewed his First Amendment retaliation claims against defendants Adams, Surjick, Kong and McHugh, and included allegations that defendants and "Sheriff's Deputies" violated plaintiff's right to access the courts. Plaintiff added Eighth Amendment claims alleging that defendants and "Sheriff's Deputies" housed mentally ill inmates in segregation, and were allegedly deliberately indifferent to plaintiff's serious medical needs. Plaintiff alleges that he was denied access to court because the Sheriff of the San Joaquin County Jail provided no legal library or legal assistance causing actual injury; he was denied access to the courts by retaliation and cruel and unusual punishment; defendants and "Sheriff's deputies" housed plaintiff in punitive conditions of confinement in

violation of his due process rights and retaliated against plaintiff for his mental health and filings under the Americans with Disabilities Act ("ADA"); defendants and "Sheriff's Deputies" failed to provide reasonable accommodations under the ADA; and deprived plaintiff rights for mentally ill, disabled and non-LPS[4] patients. In addition to money damages, plaintiff seeks a declaratory judgment and an order enjoining defendants and "all persons acting in concert with them," from continuing the "unlawful acts, conditions, and practices described" in his pleading. (ECF No. 53 at 6.)

### D. Discussion

Here, plaintiff's 121 page fourth amended complaint is not short and plain, and is not limited to 25 pages as required by the court's prior order. (ECF No. 49 at 3.) Rather, as noted by defendants, plaintiff used a smaller font size and single-spaced sentences to complete the court's complaint form and append additional pages, purportedly totaling 24 pages. But in the CM/ECF system, plaintiff's proposed pleading is 31 pages. In addition, as estimated by defendants, if plaintiff had used the typical 12 point font and double-spaced his allegations, as required under Local Rule 130, the pleading would approximate 42 pages, far exceeding the 25 page limit required by the court's order. Moreover, plaintiff's proposed pleading is now a shotgun complaint raising new claims ranging from ADA violations, due process violations, Eighth Amendment medical and mental health care violations, to generalized punitive conditions of confinement allegations, and appears to have morphed into a challenge to all policies and practices in the San Joaquin County Jail governing how civil detainees are housed, particularly if held in segregation. Despite plaintiff's efforts to allege that some of these violations were the result of "retaliation," plaintiff identifies no protected conduct in which he was engaged at the time each underlying violation occurred.

---

[4] Plaintiff uses "LPS" as an acronym for the Lanterman-Petris-Short Act. (ECF No. 53 at 30.) The Lanterman-Petris-Short Act ("LPS Act"), codified at Welfare and Institutions Code section 5000 et seq., "governs the involuntary treatment of the mentally ill in California." See Jacobs v. Grossmont Hosp., 108 Cal. App. 4th 69, 74 (2003). Under Welfare and Institutions Code § 5150, a person may be involuntarily committed to a county mental health facility for 72 hours if there is probable cause to believe the individual "as a result of a mental disorder, is a danger to others, or to himself or herself, or is gravely disabled." Id.

11

In addition, plaintiff repeats allegations the court has previously dismissed. For example, he included allegations that defendant Adams kicked plaintiff's legal work, (ECF No. 53 at 19-20), and defendant Savage rejected plaintiff's grievance (ECF No. 53 at 12). Also, the pleading is replete with legal authority and argument, which is extraneous to the required factual allegations.

This action has been pending for almost six years. Plaintiff has been given multiple opportunities to amend, along with myriad instructions concerning legal standards as well as pleading standards. Given plaintiff's flagrant violation of the court's order limiting his proposed amended pleading to 25 pages, the dismissal of this action as a sanction would be within the court's discretion. However, despite plaintiff's violation of the court's order, the undersigned declines to recommend dismissal of this action as a sanction for plaintiff's violation of the court's order. Rather, the undersigned recommends that plaintiff's motion to amend be denied *in toto* based on plaintiff's failure to comply with the court's orders, and recommends that this action proceed on plaintiff's third amended complaint.

In the alternative, the court also recommends denial based on plaintiff's failure to meet the five factors required to amend his pleading.

First, the element of bad faith weighs moderately against granting leave to amend. Plaintiff concedes that he relied on the San Joaquin County's 2015 self-report to amend his complaint, and attempts to broaden this 2011 case into a systemic challenge to the jail's policies and conditions of confinement over five years after this case was filed, knowingly based on the 2015 report. Although plaintiff appears to contend that his actions stem from ignorance of the law, such amendment suggests bad faith on the part of plaintiff. If at all, plaintiff should raise his new systemic claims in a separate action.

Second, plaintiff's amended pleading would prejudice the defendants inasmuch as it would essentially require the litigation to start anew. Plaintiff names new individuals as defendants which would require service of process on them. Moreover, plaintiff added new theories which would result in the need for additional discovery. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be

12

manifestly unfair and unduly prejudicial.") (quoting Priddy v. Edelman, 883 F.2d 438, 447 (6th Cir. 1989)); Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (affirming the denial of leave to amend and holding that the district court did not abuse its discretion in concluding that allowing amendment would prejudice the defendant because of the necessity for further discovery).

Third, plaintiff's undue delay weighs against granting plaintiff leave to amend. Plaintiff claims his allegations "evolved well over three years while not provided with a legal library or legal assistance." (ECF No. 56 at 7.) However, plaintiff filed this motion to amend over five and a half years after he filed his original complaint. Such delay appears unwarranted in particular for plaintiff's access to the court claims. The record reflects that at the time he filed this action, plaintiff was aware of the cases on which he now bases his access to the courts claims because he stated that he planned to litigate his claims in Smith, No. 1:10-cv-0427 MJS, "from within his home on 11/13/2010," (ECF No. 1 at 4), filed a habeas corpus petition with the San Joaquin County District Attorney's office (ECF No. 1 at 9), and filed a complaint in Arceo v. State of California, No. 1:10-cv-2275 GBC (ECF No. 1 at 9).

Moreover, on May 17, 2012, plaintiff was provided the standards governing an access to the courts claim:

> "It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. In order to state a denial of access claim under the First Amendment, a prisoner must show that he suffered an "actual injury" as a result of the defendants' actions by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351-55 (1996). Actual injury may be shown if the alleged shortcomings "hindered his efforts to pursue a legal claim," such as having his complaint dismissed for "for failure to satisfy some technical requirement" or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." Id. at 351.

////

(ECF No. 7 at 4.) Plaintiff was provided the standards again on August 21, 2014 (ECF No. 18 at 4), and March 18, 2016 (ECF No. 28 at 6-7). Plaintiff was reminded that "[i]nmates do not have "an abstract, freestanding right to a law library or legal assistance," and "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense," citing Lewis, 518 U.S. at 351. (ECF No. 28 at 7.) The court previously found plaintiff "failed to provide the requisite factual allegations, in some instances relying on allegations that the court previously found failed to state a claim." (ECF No. 28 at 28-29.)

Despite these multiple admonitions, plaintiff earlier conceded that he chose to focus on his retaliation claims in his third amended complaint (ECF No. 32 at 3), and again failed to meet the elements of an access to the courts claim in his third amended complaint. Because plaintiff was provided the elements of an access to the courts claim, he was only required to plead factual allegations as to each such element, yet failed to do so despite multiple opportunities. Thus, notwithstanding plaintiff's pro se status, on this record, plaintiff's delay is unjustified.

Fourth, because plaintiff's fourth amended complaint raises multiple new and unrelated claims against new parties, and the court finds he has not met the other factors supporting his motion to amend, the court declines to evaluate this element.

Fifth, plaintiff has previously been provided numerous opportunities to amend his complaint, thus militating against being granted a fourth opportunity. Indeed, on March 18, 2016, the undersigned recommended that plaintiff not be granted further leave to amend. (ECF No. 28 at 29.)

For all of the above reasons, prejudice, undue delay, and multiple prior amendments demonstrate that plaintiff's motion to file a fourth amended complaint should be denied. Plaintiff must raise new and unrelated[5] claims in a separate action.

---

[5] Multiple claims may be joined in one lawsuit if all the claims are against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing

14

V. Motion for Protective Order

Plaintiff seeks a protective order barring his deposition which was noticed for April 21, 2017. Plaintiff claims there is "no exceptional circumstances justifying use of depositions." (ECF No. 58 at 3.) Plaintiff states he intends to prosecute this claim and appear to present his case to a jury.

In their response, defendants note that on March 21, 2017, plaintiff was properly served with a notice of taking his deposition on April 21, 2017, but that on April 14, 2017, defendants were informed that plaintiff had been returned to the San Joaquin County Jail from Coalinga State Hospital. (ECF No. 59.) In light of plaintiff's transfer, as well as plaintiff's pending motions related to his effort to file a fourth amended complaint, defendants state they are amenable to rescheduling plaintiff's deposition, if the court extends the discovery period.

Plaintiff is advised that defendants are entitled to depose plaintiff. Therefore, to the extent plaintiff seeks a protective order barring defendants from taking plaintiff's deposition, such request is denied. However, in light of plaintiff's recent transfer, the discovery period will be extended, and defendants are permitted to re-notice plaintiff's deposition. Plaintiff is required to have his deposition taken, and to cooperate in the taking of the deposition. Indeed, plaintiff is cautioned that failure to cooperate in having his deposition taken by defendants will result in the imposition of sanctions, including, but not limited to, the imposition of monetary sanctions, or a recommendation that this action be dismissed based on a failure to cooperate in the discovery process. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a

---

party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

discovery order); Fed. R. Civ. P. 37(d) (sanctions -- including dismissal -- may be imposed on a party that fails to attend a properly noticed deposition).

VI. Request for Appointment of Counsel

In his motion for protective order, plaintiff seeks appointment of counsel.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

VII. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for clarification (ECF No. 57) is partially granted;

2. Plaintiff's motion for protective order (ECF No. 58) is partially granted;

3. The court will entertain no further motions to amend; plaintiff must file new and unrelated claims in separate actions;

4. The January 26, 2017 scheduling order is amended as follows:

    a. The discovery deadline is continued to September 25, 2017;

////

16

  b. The deadline for filing pretrial motions, except motions to compel discovery, is continued to December 15, 2017; and

  c. In all other respects, the provisions of the scheduling order remain in effect.

IT IS RECOMMENDED that plaintiff's motion to amend (ECF No. 52) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 21, 2017

*/s/ Kendall J. Newman*<br>
KENDALL J. NEWMAN<br>
UNITED STATES MAGISTRATE JUDGE

/cw/arce2396.mta.po