UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARCEO,<br><br>        Plaintiff,<br><br>    v.<br><br>SOCORRO SALINAS, et al.,<br><br>        Defendants. | No. 2:11-cv-2396 MCE KJN P<br><br>ORDER |

I. Introduction

    Plaintiff is committed to a state hospital under California's Sexually Violent Predators Act ("SVPA"). On September 1, 2017, plaintiff filed a 155 page motion styled, "Notice and Notice of Motion to Proceed With Witnesses and Stricken Relevant and Material Facts Based on Declaration of Plaintiff . . . ." (ECF No. 63.) Defendants filed an opposition, and ask the court to deny the motion, and consider dismissing this action based on plaintiff's "blatant disregard" of the court's prior rulings. (ECF No. 64 at 4-5.) Plaintiff filed a response. (ECF No. 65.) As set forth below, plaintiff's motion is denied.

II. Background

    This action was filed on September 9, 2011. Following multiple amendments, this action proceeds on plaintiff's retaliation claims against defendants Surjick, Kong, Adams and McHugh for their alleged actions in February of 2012, and defendant Savage based on his alleged actions

1

in September 2012, contained in plaintiff's third amended complaint filed May 20, 2015.[1] (ECF No. 27.) On June 22, 2017, plaintiff's April 14 motion for protective order concerning his deposition noticed for April 21, 2017, was partially granted, and the discovery deadline was extended to September 25, 2017. (ECF No. 61 at 16.) Also, the deadline for filing dispositive pretrial motions was continued to December 15, 2017. (ECF No. 61 at 17.) In the June 22, 2017 findings and recommendations, the undersigned recommended that plaintiff's motion to amend be denied. (ECF No. 61.) On July 24, 2017, the district court adopted the findings and recommendations and denied plaintiff's motion to amend. (ECF No. 62.)

III. Instant Motion

Initially, the court notes that plaintiff continues to file narratives concerning current alleged violations, alleged wrongful detention under the SVPA,[2] as well as claims the court previously dismissed without leave to amend. Plaintiff's inclusion and discussion of such unrelated issues muddies the record and makes it difficult for defendants and the court to ascertain plaintiff's arguments pertinent to the instant claims. Because plaintiff was previously warned that this action is proceeding solely on his retaliation claims based on 2012 incidents involving defendants Surjick, Kong, Adams, McHugh, and Savage, and plaintiff was denied leave to amend to raise any other claims, the undersigned declines to address such unrelated allegations in this order.

Turning to the instant motion, plaintiff seeks an order compelling certain non-party witnesses to respond to interrogatories and requests for admissions, and objects to his deposition on various grounds.

////

---

[1] In the order screening plaintiff's third amended complaint, plaintiff's remaining claims and defendants were dismissed without prejudice, but without leave to amend. (ECF No. 28 at 29.)

[2] Plaintiff's request to take judicial notice of such proceedings or other related court actions is denied. (ECF No. 63 at 7-8.) Such commitment proceedings are wholly irrelevant to the instant claims, and plaintiff shall refrain from including any allegations or commentary concerning these proceedings in any future filing. In addition, just because defense counsel works for the San Joaquin County Counsel's office or defendants work at the jail, does not mean they have any connection with the commitment proceedings or plaintiff's housing.

A. Plaintiff's Deposition

Plaintiff objects to his deposition, alleging that defense counsel and the court reporter knew each other,[3] and complaining that he was not provided an immediate copy of the transcript. Plaintiff also appears to contend that the deposition was improperly held while plaintiff was housed at the San Joaquin County Jail.

Rule 30(f)(3) of the Federal Rules of Civil Procedure provides that: "When paid reasonable charges, the officer [court reporter] must furnish a copy of the transcript or recording to any party or the deponent." Id. To the extent plaintiff believes he should be provided a deposition transcript without charge, plaintiff is mistaken. Nothing in the Federal Rules entitles plaintiff to a free copy of his deposition transcript. If plaintiff wishes to obtain a copy for his own records, he must pay for it. Fed. R. Civ. P. 30(f)(3).

Moreover, there is no provision under the Federal Rules or the Local Rules for free copies of deposition transcripts. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, and the in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by plaintiff in the instant motion. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). Thus, to the extent plaintiff seeks a copy of his deposition transcript at government expense, such request is denied.[4] If plaintiff had objections or changes to his deposition, he could review the transcript.[5] It appears

---

[3] Court reporters or stenographers are certified so that courts and parties may rely on the transcript, and are also governed by the Federal Rules of Civil Procedure, and California state law. See, e.g., Fed. R. Civ. P. 28, 30; Cal. Civ. Proc. Code §§ 2025.320, 2025.330.

[4] Of course, should defendants rely on plaintiff's deposition testimony in any dispositive motion, defendants must provide plaintiff with the relevant pages of the deposition transcript.

[5] **Error! Main Document Only.**Rule 30(e) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and

3

plaintiff was provided the stenographer deposition copy (ECF No. 63 at 7), ostensibly for such review.

Finally, plaintiff's deposition was properly noticed and conducted. Although plaintiff was transferred to the county jail following issuance of the notice, defendants properly made arrangements for the deposition to occur at the county jail because no court order had issued addressing plaintiff's motion for protective order. Plaintiff's motion for protective order was filed on April 14, 2017, seven days prior to the deposition noticed for April 21, 2017. (ECF No. 58 at 2.) Plaintiff did not file a motion for order shortening time to obtain a ruling prior to the April 21 deposition. Indeed, under Local Rule 230(l), defendants' opposition to plaintiff's motion was not due until well after the date of the noticed deposition. By the time the court addressed plaintiff's motion on June 22, 2017, the court was unaware the deposition had taken place. (ECF No. 61.)

Plaintiff's objections to his deposition are overruled.

B. <u>Non-Party Discovery</u>

Plaintiff seeks to compel responses to interrogatories and requests for admissions that plaintiff propounded to various non-parties and served on counsel for defendants.[6] While not entirely clear, it appears that plaintiff believes such non-parties were witnesses, although he does not elaborate on what each non-party witnessed, or how such responses would be relevant to the retaliation claims remaining at issue here. Rather, plaintiff simply states each "witness" retains "relevant and material facts for retaliation." (ECF No. 63 at 9.)

Nevertheless, plaintiff's motion is unavailing. First, because defense counsel does not

---

> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e).

[6] Requests for Admissions to non-parties: Sheriff Moore (ECF No. 63 at 59-69); Luna (ECF No. 63 at 80-85); Banning (ECF No. 63 at 97-106); Kowalczyk (ECF No. 63 at 107-13); Teague (ECF No. 63 at 114-21); and Moule (ECF No. 63 at 122-34); and interrogatories to non-party Kowalczyk (ECF No. 63 at 135-55).

4

represent such non-parties, service of such discovery requests on defense counsel was ineffective. Second, the rules governing such discovery unequivocally state that interrogatories and requests for admissions may be served on any other "party." Fed. R. Civ. P. 33, 36; see Eichler v. Sherbin, 520 F. App'x 560, 562 (9th Cir. 2013) ("The district court did not abuse its discretion in denying Eichler's motion to compel responses to interrogatories by non-parties."). Thus, plaintiff is not allowed to propound interrogatories or requests for admissions to non-parties, and his motion to compel responses is denied.

C. Miscellaneous Issues

In his motion, plaintiff seeks "a certified copy of May 13, 2013 microfilm of prior motion hearing," apparently referring to a hearing that took place in state court in the SVPA proceedings. (ECF No. 63 at 8, 9.) However, plaintiff fails to demonstrate that such hearing is relevant to plaintiff's 2012 retaliation claims at issue here. Plaintiff's request is denied.

Finally, in his response to the opposition, plaintiff asks the court to grant discovery of "interrogatories, admissions and production of documents that [are] material and relevant concerning trustworthiness, impeachment, and or may include bias and motive" from defendants Savage, Surjick, Kong, Adams and McHugh. (ECF No. 65 at 9.) Plaintiff appended to his motion certain discovery requests he propounded to defendants.[7] However, plaintiff did not include in the instant motion a motion to compel further responses from defendants. (ECF No. 63 at 1-9.) Plaintiff may not seek new relief in a response or reply because it does not provide defendants proper notice, and deprives them of an opportunity to respond.[8] Plaintiff's request is denied without prejudice.

---

[7] Requests for admissions propounded to defendants Surjick, Kong, Adams and McHugh (ECF No. 63 at 29-58); requests for admissions to defendant Savage (ECF No. 63 at 86-96).

[8] Plaintiff claims that, unlike the earlier scheduling order, the June 22, 2017 order did not include a date by which discovery motions must be filed. (ECF No. 65 at 3.) However, the June 22, 2017 order provided that in all other respects the provisions of the scheduling order remained in effect. (ECF No. 61 at 17.) The January 26, 2017 scheduling order provided that responses to written discovery requests are due 45 days after the request is served. (ECF No. 51 at 4.) Thus, discovery requests would need to be sent early enough to allow defendants time to respond. Plaintiff's discovery requests were dated August 25, 2017, only 30 days prior to the September 25, 2017 discovery deadline.

////

D. Request for Dismissal

Defendants asked the court to consider dismissing plaintiff's action "as a result of his blatant disregard of the prior court's rulings in this matter." (ECF No. 64 at 5.) Defendants point out that plaintiff attempts to obtain discovery based on his claim he was not provided a "meaningful hearing," which the court previously found failed to state a federal due process claim. (ECF No. 64 at 1-2, citing ECF No. 61 at 5.) In addition, defendants note that plaintiff attempts to obtain discovery pertaining to incidents that took place within the last six months. (ECF No. 64 at 2, citing ECF No. 63 at 4-6.) In response, plaintiff apologizes, seeks forgiveness, notes his pro se status, and again claims he has limited law library access. (ECF No. 65 at 2-3.)

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A). The Court also may dismiss the action or proceeding in whole or in part. Id.

Additionally, Local Rule 110 provides that "[f]ailure . . . of a party to comply . . . with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Id. District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action, the Court considers several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Given plaintiff's pro se and in forma pauperis status, the undersigned finds that an award of terminating sanctions would be unjust. Plaintiff was previously warned that he could not raise unrelated claims in this action, but the court finds such warning was not sufficient to alert plaintiff that if he continues to pursue unrelated allegations in his filings, he will be subject to sanctions including, but not limited to, the imposition of monetary sanctions,[9] or a recommendation that this action be dismissed based on his failure to comply with court orders. Although plaintiff is proceeding without counsel, this court has made it abundantly clear that this action proceeds solely on his retaliation claims against defendants Surjick, Kong, Adams, McHugh and Savage, based on the incidents that occurred in 2012. Thus, plaintiff should confine his future arguments to such 2012 retaliation claims, and is warned that his failure to do so may result in the imposition of sanctions, including a recommendation that this action be dismissed.

IV. Access to Legal Materials

Plaintiff states that when he was transferred to the jail for further proceedings under the SVPA, he was transferred without his legal materials, and claims he was unable to obtain legal supplies while he was housed at the jail, allegedly preventing him from propounding discovery. (ECF No. 63 at 4.) Plaintiff states he arrived at the jail on April 13, 2017. (ECF No. 63 at 12.) However, it is unclear how long he remained at the jail. Moreover, given the breadth of the discovery sought from the non-parties, including discovery as to claims unrelated to the instant retaliation claims, the undersigned will not further extend the discovery deadline at this time. Rather, if plaintiff believes he needs additional discovery pertinent to his 2012 retaliation claims

---

[9] Defendants did not seek their expenses in opposing the motion. Plaintiff's pro se status does not insulate him from such sanctions. See Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (pro se status "does not excuse intentional noncompliance with discovery rules."); Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding pro se); Shabazz v. Giurbino, 2016 WL 4992684, at *2 (E.D. Cal. Sept. 19, 2016) (Because plaintiff's opposition to the motion to compel was not justified, reasonable expenses of attorney's fees should be assessed against plaintiff.)

7

against defendants Surjick, Kong, Adams, McHugh and Savage, he must file a motion to modify the scheduling order, and demonstrate good cause. Fed. R. Civ. P. 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent."). Specifically, plaintiff must identify the discovery sought, and demonstrate that he could not reasonably meet the discovery deadline despite his diligence. <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992).) Because the dispositive motion filing deadline is fast approaching, any motion to modify should be promptly filed.

V. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 63) is denied; and

2. Defendants' request to dismiss this action is denied.

Dated: November 1, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/arce2396.mtc