UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARCEO,<br><br>  Plaintiff,<br><br>  v.<br><br>SOCORRO SALINAS, et al.,<br><br>  Defendants. | No.  2:11-cv-2396 MCE KJN P<br><br>ORDER AND FURTHER SCHEDULING ORDER |

Plaintiff is a civil detainee, proceeding pro se in an action brought under 42 U.S.C. § 1983.  On September 3, 2020, the district court granted plaintiff an extension of time in which to file his pretrial statement.  Plaintiff filed his pretrial statement and, pursuant to the district court's order, the undersigned will set a deadline for defendants' pretrial statement and set the pretrial conference.  Subsequently, plaintiff filed two motions, which the court addresses below.

I. Background

This action proceeds on plaintiff's third amended complaint.  (ECF No. 27.)  On September 11, 2019, defendant Savage's motion for summary judgment was denied, and the remaining defendants Surjick, Kong, Adams and McHugh were granted summary judgment.[1] (ECF No. 88, adopting ECF No. 81.)  As to defendant Savage, plaintiff alleges that while housed

---

[1] Plaintiff's remaining claims, including all other claims against the remaining defendants, were dismissed by the district court on May 5, 2016. (ECF No. 31; see also ECF No. 44.)

1

1  in the San Joaquin County Jail on September 11, 2012, plaintiff asked defendant Savage the name
2  of his partner because they were allegedly allowing gang members to pass out plaintiff's mail to
3  him with his information. (ECF No. 27 at 13.) Plaintiff alleges that Savage replied, "he would
4  not help [plaintiff] with [his] lawsuit," then turned, facing everyone, and walked down the stairs
5  yelling, "you fucken child molester." (ECF No. 27 at 13.) Plaintiff contends Savage's remark
6  was made to incite violence against plaintiff for filing such lawsuit. (Id.) In support, plaintiff
7  cites inmate Villanueva's declaration, his mother's September 17, 2012 letter to Captain Moule
8  referencing the incident, and plaintiff's declaration. (ECF No. 27 at 88-89; 93-95.)

II. Motion for Order of Accommodation

Plaintiff filed a motion seeking an order requiring an unidentified Sheriff to provide for plaintiff's appearance, legal property, and safety while detained in the Sheriff's custody for trial or court. (ECF No. 118.) It appears that plaintiff's motion is based, in large part, on plaintiff's experiences while housed at the San Joaquin County Sheriff's office, but also based on plaintiff's alleged need to research and file documents in connection with his challenges to ongoing proceedings in the San Joaquin County Superior Court.[2] Plaintiff notes that the Los Angeles County Jail has an SVPA unit, where civil detainees are permitted to take their legal paperwork, books, pens and paper, when transferred to the jail. (ECF No. 118 at 5.)

However, contrary to plaintiff's statement that this action has been scheduled for trial in October or November (ECF No. 118 at 2), this case has not yet been set for trial. (ECF No. 103 at 5, "Due to the district court's impacted trial schedule, this case is not yet set for jury trial.") No pretrial order has yet issued. Therefore, plaintiff's motion is premature, and is denied.

---

[2] Plaintiff is subject to civil commitment under the Sexual Violent Predator Act ("SVPA") and California Welfare and Institutions Code §§ 6600 et seq., and appears to be represented by an attorney during pending SVPA proceedings in the San Joaquin County Superior Court, as well as pursuing collateral challenges pro se. (ECF No. 2-5.) While plaintiff was housed at the San Joaquin County Jail for his appearances in San Joaquin County court appearances, it appears more likely that plaintiff would be housed in the Sacramento County Jail for any appearance in this court. Plaintiff also included unnecessary details concerning his habeas filings and requests he has made to the attorney handling his current SVPA proceedings in state court. Such details are not relevant to the instant action. This action proceeds solely as to plaintiff's remaining claim against defendant Savage, and plaintiff should address his filings accordingly.

III. Motion for Appointment of Counsel

In his filing styled, "Objections," plaintiff recounts various issues he had obtaining legal research and retaining his own records while housed at the San Joaquin Jail; details concerning his efforts to challenge his 1994 conviction and the pending SVPA proceedings, all in state court; various objections raised in this court; and complains that he does not have the same legal access as county counsel or the court.[3]  (ECF No. 119 at 1-8.)  Plaintiff contends that based on the above, he is unable to prove retaliation.  (ECF No. 119 at 8.)  As relief, plaintiff asks the court to grant him leave to "appeal to proceed with access to court or all claims," grant him the assistance of counsel; and make particular findings of fact that the Sheriff provided no legal library, no library assistance, no meaningful hearing, denied supervisor causal connection, denied access to the courts, denied all mental health claims; and that the California Department of State Hospitals, Coalinga, provides inadequate legal library, no legal assistance, untrained or licensed staff and inability to file grievances.  (ECF No. 1 at 8.)

As discussed above, this action proceeds solely as to plaintiff's retaliation claim against defendant Savage.  Therefore, this court has no jurisdiction over any putative access to the courts claim or any other claim; therefore an appeal is not properly brought on any such claim.  As to prior rulings in this case, plaintiff may file an appeal once final judgment is entered.  Because there is no access to the courts claim pending in this action, plaintiff's request for the court to issue findings of fact concerning such claim is denied.

Finally, plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider

---

[3] Plaintiff was transferred from the San Joaquin County Jail to the California Department of State Hospitals, Coalinga, at some time prior to April 16, 2014.  (ECF No. 17.)  In the instant motion, plaintiff references several exhibits, but no exhibits were provided.  (ECF No. 119 at 10.)

plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The instant record amply demonstrates that plaintiff is articulate and capable of advocating for himself. Despite plaintiff's claims that he has been denied access to legal resources, the record reflects that plaintiff has zealously prosecuted this action, filed multiple amended complaints, and filed myriad documents that include citations to legal authorities. Plaintiff has presented evidence rebutting defendant Savage's motion for summary judgment. Because this case will turn on the credibility of the parties and their witnesses -- which is the jury's function -- the undersigned cannot find plaintiff is likely to succeed on the merits. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

IV.  Settlement

Although settlement negotiations early last year were not fruitful, the parties are encouraged to explore any potential settlement negotiations. The parties should confer and, if they agree that further settlement negotiations may be worthwhile, the assigned Deputy Attorney General shall contact the Courtroom Deputy, Alexandra Waldrop, at (916) 930-4187, to schedule the settlement conference. If the parties waive any claim of disqualification of the assigned Magistrate Judge and file the attached form, the undersigned will hold the settlement conference. Or the parties may request that the settlement conference be set before a different magistrate judge.

V.  Scheduling

Defendant Savage shall file his pretrial statement thirty days from the date of this order. As previously ordered, no exhibit shall be appended; rather, the court will address the exchange of exhibits in the pretrial order.

Pretrial conference (as described in Local Rule 282) is set in this case for April 19, 2021, before the magistrate judge. The pretrial conference shall be conducted on the file only, without appearance by either party.

VI. Consent

The district court's impacted trial schedule has been further delayed by the Covid-19 pandemic and the closing of the courthouse to the general public. The court is unable to set a jury trial date at this time. However, by consenting to the jurisdiction of a United States Magistrate Judge, an earlier jury trial date is likely. 28 U.S.C. § 636(c).

VII. Orders

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 118) is denied as premature.

2. Plaintiff's motion for the appointment of counsel (ECF No. 119) is denied without prejudice.

3. Defendant Savage shall file his pretrial statement within thirty days from the date of this order.

4. Pretrial conference (as described in Local Rule 282) is set in this case for April 19, 2021, before the magistrate judge. The pretrial conference shall be conducted on the file only, without appearance by either party.

5. The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty days after the pretrial order becomes final. The parties are to set forth in their Notice of Trial Readiness, the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their availability for trial. After review of the parties' Joint Notice of Trial Readiness, the court will issue an order that sets forth new dates for trial.

6. The Clerk of the Court is directed to send plaintiff the form Consent to Proceed Before a United States Magistrate Judge.

Dated: January 21, 2021

/arce2396.31.revd.41

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARCEO,<br><br>  Plaintiff,<br><br> v.<br><br>SOCORRO SALINAS, et al.,<br><br>  Defendants. | No.  2:11-cv-2396 MCE KJN P<br><br>NOTICE RE:  JUDGE ELECTION FOR SETTLEMENT CONFERENCE |

As stated in the court's order, the parties may notify the court of the following election:

\_\_\_\_ Pursuant to Local Rule 270(b) of the Eastern District of California, the party signing below affirmatively requests that the assigned Magistrate Judge participate in the settlement conference and, further, waives any claim of disqualification of the assigned Magistrate Judge on that basis thereafter.  This waiver is not to be construed as consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1).

  **OR**

\_\_\_\_ The party signing below requests that a different judge hold the settlement conference.

DATED:

_____
Plaintiff or Counsel for Defendants

6