1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY ARCEO,                        No.  2:11-cv-2396 MCE KJN P

12            Plaintiff,

13       v.                                FINDINGS AND RECOMMENDATIONS

14   SOCORRO SALINAS,

15            Defendant.

16

17       Plaintiff is a civil detainee, proceeding pro se.  Plaintiff's motion concerning the

18   settlement of this action is before the court.  As discussed below, plaintiff's motion should be

19   denied.

20   Background

21       On August 3, 2021, the parties settled this action on the record, and agreed that because

22   the county could not agree to make the check payable to plaintiff's mother, and had no objection

23   to plaintiff's plan to subsequently endorse the check over to his mother, the check would be

24   payable to plaintiff.  Subsequently, plaintiff filed a motion claiming that trust account officers

25   wrongfully cashed the check plaintiff endorsed "pay to the order of Sylvia Arceo," and he

26   requests an order from the court withdrawing the settlement of this action or ordering the

27   Department of State Hospitals at Coalinga to "remove their incumbrance from exempt monies."

28   (ECF No. 140 at 4.)  Plaintiff provided a copy of a letter from the Department of State Hospitals,

1  Administrative Services Division, stating that pursuant to California Welfare and Institutions

2  Code 7281,[1] if the trust account exceeds $500.00, the excess may be applied toward plaintiff's

3  cost of care balance.  (ECF No. 140 at 7.)  The letter provided plaintiff with information

4  concerning his ability to dispute the notice by filing an appeal, and noted the excess funds would

5  be held pending resolution of such appeal.  (Id. at 7-8.)  Plaintiff's trust account statement

6  confirmed that $1,500.00 was transferred on September 28, 2021, to plaintiff's cost of care

7  account.  (ECF No. 140 at 9.)

8       On May 3, 2022, defendant filed an opposition to plaintiff's motion.  Defendant argues

9  that plaintiff's motion seeks relief against the Department of State Hospitals for release of the

10  funds, and therefore does not seek any relief from defendant.  Further, defendant contends that he

11  complied with the settlement agreement by paying plaintiff the agreed settlement sum by way of

12  check payable to plaintiff, who acknowledges such sum was paid.  Moreover, this action was

13  dismissed with prejudice pursuant to such settlement agreement, which is an adjudication on the

14  merits, barring further action by this court.  (ECF No. 142 at 2.)  Plaintiff did not file a reply.

15  Governing Standards

16       Generally, if a settlement agreement is repudiated, "the frustrated party may sue anew for

17  breach of the agreement and may not . . . reopen the underlying litigation after dismissal."

18  Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162, 937 F.2d 408, 410 (9th Cir. 1991).

19  "It is well settled that a district court has the equitable power to enforce summarily an agreement

20  to settle a case pending before it."  Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); accord Doi

21  v. Halekulani Corp., 276 F.3d 1131, 1141 (9th Cir. 2002).

22

23  [1]  Section 7281 provides as follows:  "There is at each institution under the jurisdiction of the State Department of State Hospitals and at each institution under the jurisdiction of the State Department of Developmental Services, a

24  fund known as the patients' personal deposit fund. Any funds coming into the possession of the superintendent, belonging to any patient in that institution, shall be deposited in the name of that patient in the patients' personal

25  deposit fund, except that if a guardian or conservator of the estate is appointed for the patient then he or she shall have the right to demand and receive the funds. Whenever the sum belonging to any one patient, deposited in the patients' personal deposit fund, exceeds the sum of five hundred dollars ($ 500), the excess may be applied to the

26  payment of the care, support, maintenance, and medical attention of the patient. After the death of the patient any sum remaining in his or her personal deposit account in excess of burial costs may be applied for payment of care,

27  support, maintenance, and medical attention. Any of the funds belonging to a patient deposited in the patients' personal deposit fund may be used for the purchase of personal incidentals for the patient or may be applied in an amount not exceeding five hundred dollars ($500) to the payment of his or her burial expenses."  Cal. Welf. & Inst.

28  Code § 7281.

<u>Discussion</u>

1

2          The undersigned recommends that plaintiff's motion be denied.  This action is not

3 currently pending, and the dismissal order did not retain jurisdiction over this matter.  (ECF No.

4 138.)  As argued by defendant, the case was dismissed with prejudice, which operates as an

5 adjudication on the merits.  <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 505

6 (2001).  In addition, the settlement payment was made by the county and received by plaintiff and

7 deposited into his trust account.  Whether or not plaintiff was subsequently able to transfer the

8 funds to his mother, plaintiff still received the funds he was entitled to receive pursuant to the

9 terms of the agreement.  Plaintiff cites no authority that would allow the court to amend the

10 parties' settlement agreement in this situation.

11          Moreover, this action provides no jurisdiction over trust account officials at the

12 Department of State Hospitals, Coalinga.  If plaintiff wishes to challenge how trust account

13 officials handled the deposit of funds, plaintiff must follow the identified procedures, including

14 applying for relief to the Government Claims Program through the California Department of

15 General Services, or any other remedies provided by state law.  (ECF No. 140 at 8.)

16          Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion (ECF No. 140)

17 be denied.

18          These findings and recommendations are submitted to the United States District Judge

19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20 after being served with these findings and recommendations, any party may file written

21 objections with the court and serve a copy on all parties.  Such a document should be captioned

22 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

23 objections shall be filed and served within fourteen days after service of the objections.  The

24 parties are advised that failure to file objections within the specified time may waive the right to

25 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

26 Dated:  June 8, 2022

27

28 /arce2396.set.enf

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE